# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Cookie A. Magee | : | |
| 14 Cella Drive | : | Civil Action - Law |
| Aston, PA 19014 | : | |
|          Plaintiff | : | |
| | : | |
|     v. | : | No. 20-cv-02513 |
| | : | |
| COUNTY OF DELAWARE | : | |
| 201 W. Front Street, | : | Jury Trial Demanded |
| Media, PA 19063 | : | |
| | : | |
|        Defendant | : | |

## PLAINTIFF'S AMENDED COMPLAINT

AND NOW, COMES the Plaintiff, Cookie Magee, by and through his counsel, Lamb McErlane, P.C. and files this Amended Complaint in the above-referenced action alleging the following:

## PARTIES

1.      The Plaintiff, Cookie Magee is a female adult individual residing at 14 Cella Drive, Aston, PA 19.

2.      Defendant County of Delaware, was and is now a county duly organized and existing under the laws of the Commonwealth of Pennsylvania, maintaining its county seat (administrative center) therein at 201 West Front Street, Media, Pennsylvania, 19063.

3.      Defendant Fair Acres Geriatric Center, was and is now a Delaware County owned and operated long term health care facility located at 340 N. Middletown Road, Lima, PA 19073.

4.      At all times relevant hereto, Defendants owned and operated Fair Acres Geriatric Center located at 340 N. Middletown Road, Lima, PA 19073.

5.     At all times material herein, Defendants have been a "person" and "employer" as defined under the American with Disabilities Act ("ADA") and is subject to the provisions of said ADA.

## JURISDICTION AND VENUE

6.     This is a Complaint alleging discrimination in employment on account of a disability or perception of disability and arises under the laws and statutes of the United States, specifically the Americans with Disabilities Act (ADA), as amended, 42 U.S.C. §12101 et. seq., as well as pendant state law claims.   This Court has original subject matter jurisdiction of this case under 42 U.S.C. §12101 et. seq. and Title 28 U.S.C. §§ 1331 and 1343 (4).

7.     Venue is proper in the Eastern District of Pennsylvania by virtue of Title 28 U.S.C §§ 1391 (b) and (c) because Plaintiff lives within the boundaries of the Eastern District, the incidents in question occurred within the Eastern District, and Defendants' headquarters and principal place of business is within the Eastern District.

8.     All conditions precedent to the filing of this Complaint have occurred or have been complied with, to wit, a charge of employment discrimination and retaliation was filed with the Equal Employment Opportunity Commission (EEOC) at Charge No. 530-2018-01891.

## FACTUAL BACKGROUND

9.     At all times relevant hereto, Defendants employed 15 or more employees.

10.    At all relevant times hereto, Plaintiff was employed by Defendants as a spiritual chaplain.

11.    At the outset of her employment, Plaintiff submitted to a medical examination at the request of Defendants, which revealed that Plaintiff has a disability for which she has

2

permanent gastrointestinal tubes.

12.     At the time of hire on January 2, 2018, Plaintiff was assigned to work as a Spiritual Chaplin at Fair Acres Nursing Home.

13.     On January 8, 2018, Plaintiff was hospitalized because of an immediate need to replace a gastro-intestinal tube.

14.     Plaintiff immediately communicated to Cynthia Borrelli, Director of Social Services, Fair Acres Geriatric Center by telephone to inform her of the hospitalization.

15.     Plaintiff was hospitalized for seven (7) days (Jan 10, 2018 – Jan 17, 2018).

16.     Ms. Borrelli was advised on multiple occasions, both in person and by telephone, of Plaintiff's disability and resultant medical issues.

17.     On January 18, 2020, Ms. Borelli advised Plaintiff that she should stay home until she felt better.

18.     Prior to her termination by Defendant, Plaintiff did not miss any other days of work other than those mentioned above.

19.     On January 29, 2018, Plaintiff was terminated by Defendants and explicitly told it was because of her hospitalization.

20.     When Plaintiff asked if she could reapply for the position, a representative from Defendants' human resources department told her should could not because her feeding tube could cause her to miss time again in the future and thus they would not consider her application.

21.     Defendants further alleged that Plaintiff's status as a "probationary employee" allows them to discriminate against Plaintiff based on her disability.

22.     Up to the present time, Defendants continues to refuse to reinstate Plaintiff to her

former job with all the duties and responsibilities that Plaintiff had before the medical care and treatment she received as noted above.

23.     Up to the present time, Defendants have not directed the same actions described above to other employees of Defendants who have the same or similar job/position as the Plaintiff but who did not suffer from medical conditions nor have received medical treatment similar to the medical conditions suffered by the Plaintiff and the treatment received by Plaintiff.

24.     Up to the present time, despite Plaintiff's prior complaint to the EEOC, Defendants have failed to remedy the discriminatory and retaliatory conduct against the Plaintiff and because of such failure, Plaintiff continues to suffer the same harassing, discriminatory and retaliatory actions of Defendants.

25.     Plaintiff believes, and therefore avers, that Defendants' actions as noted above, especially Defendants' comments regarding Plaintiff's termination, constitute disability discrimination in violation of federal and state law.

26.     Plaintiff believes, and therefore avers, that Defendants' actions as noted above, constitute unlawful retaliatory conduct in violation of federal and state law.

27.     As a result of Defendants' discriminatory and retaliatory conduct, which continues up to the present time, Plaintiff has suffered and will continue to suffer damages and harm including loss of wages and other employment benefits as well as embarrassment, inconvenience, mental anguish, anxiety, humiliation and other damages for which Plaintiff is entitled to compensation.

28.     On March 2, 2020, the EEOC issued a "Right to Sue" letter advising Plaintiff that more than 180 days had passed since the filing of her charge and that the EEOC was terminating

its processing of his charge.  The letter also advised Plaintiff that she had the right to bring a private cause of action with respect to the allegations raised with the EEOC.

**COUNT I**
**PLAINTIFF V. DEFENDANTS**
**VIOLATION OF THE AMERICAN WITH DISABILITIES ACT**

29.     Plaintiff incorporates each and every paragraph above as though the same were set forth fully herein.

30.     The actions of Defendants, though their agents, servants, and employees, in subjecting Plaintiff to unlawful discrimination on the basis of her actual and/or perceived disability and/or record of impairment (required use of feeding tube), retaliating against Plaintiff for request a reasonable accommodation, failing to engage in the interactive process with Plaintiff, and failing to accommodate Plaintiff, constituted a violation of the ADA.

31.     Defendants' actions indicated above constitute discrimination against the Plaintiff because of her disability or because of a known disability in violation of the ADA.

32.     As a result of the discriminatory and retaliatory conduct of Defendants, Plaintiff has suffered a loss of wages, compensation and employee benefits and may continue to suffer such loss of wages, compensation and employee benefits in the future.

33.     As a result of the discriminatory and retaliatory conduct of Defendants, Plaintiff has suffered embarrassment, inconvenience, mental anguish, anxiety, humiliation and other damages for which Plaintiff is entitled to compensation and may continue to suffer such damages in the future.

34.     Plaintiff alleges that Defendants' conduct was intentional and was done with malice or reckless indifference to the federally protected rights of the Plaintiff entitling Plaintiff to

5

punitive damages.

WHEREFORE, Plaintiff requests judgment in favor of the Plaintiff and against Defendants and requests that the Court enter an award granting Plaintiff back pay, front pay, reinstatement to her position, reinstatement/restoration of all job benefits, compensatory damages and other compensation allowed by law.   Plaintiff also requests that Defendants be ordered to pay punitive damages to the Plaintiff.   Plaintiff also requests attorney's fees, costs and expenses of this litigation and such further relief as the Court deems necessary and appropriate.

Respectfully submitted,

LAMB McERLANE

Date: December 14, 2020                    By: */s/ Jake D. Becker*
                                                      Jake D. Becker, Esq.
                                                      Mary-Ellen Allen, Esq.
                                                      Attorney I.D. No.: 315818/83885
                                                      24 East Market Street
                                                      West Chester, PA 19381
                                                      610-430-8000
                                                      *Attorney for the Plaintiff*

6

## **V E R I F I C A T I O N**

I, Cookie Magee, verify and affirm that the facts in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. I understand that the statements are subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.


_Cookie Magee_
Cookie Magee

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 14th day of December 2020, I caused the foregoing Amended

Complaint to be served upon the following via electronic notification:

William Martin, Esquire
Office of Solicitor of Delaware County
201 West Front Street
Media, PA 19063

/s/*Jake D. Becker*
Jake D. Becker